## THE WESTERN IRRIGATING COMPANY v. A. A. G. STAYTON.

1. CASE-MADE—*Statement of Contents Sufficient.* A statement in a case-made that it "contains all the pleadings, motions, orders, verdict, instructions given by the court (as well as those refused), and findings, and the judgment rendered in the case. . . . The plaintiff, to sustain the issue upon his part, introduced the following testimony, to wit," ending the evidence with the statement, "This was all the evidence given on the trial of this cause," is a statement of so much of the proceedings as is necessary to present at least some of the errors complained of in this cause, and they will be considered.

2. CONTRACT—*Waiver*—*Estoppel.* Where S. contracts with the W. I. Co. to furnish materials and labor necessary to build a dam on or before January 1, 1890, and when, on March 3, 1890, said W. I. Co. enters into a second contract with said S. by which he is to do additional work on said dam, a portion of it consisting of attaching the apron stipulated for in the first contract to the plates to be put in by the terms of the second contract, and when the W. I. Co. otherwise takes possession of said dam, and where the only issue raised by the pleadings is as to the completion of said work in a substantial and workmanlike manner, and where the question of failure to complete the work on time is first raised in the plaintiff's brief, *held*, that said W. I. Co. has waived the time of the completion thereof and is estopped from attempting to evade liability because the work was not completed on said 1st day of January, 1890.

MEMORANDUM.— Error from Kearny district court; A. J. ABBOTT, judge. Action on contract by A. A. G.

Stayton against The Western Irrigrating Company. Judgment for plaintiff. The defendant brings the case to this court. Affirmed. The opinion was filed October 1, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This was an action brought in the district court of Kearny county by A. A. G. Stayton against The Western Irrigating Company to recover a balance claimed to be due upon the following two contracts, which read as follows :

"Articles of agreement made and entered into this 25th day of September, 1889, by and between A. A. G. Stayton, party of the first part, and The Western Irrigating Company, by its president and secretary, parties of the second part, witnesseth : That the party of the first part, for the considerations hereinafter mentioned, agrees to furnish all material and labor necessary to build a dam in the Arkansas river, moving and changing the head-gates and the waste-gates, more particularly described in the specifications, for the party of the second part, on or before the 1st of January, 1890, according to the specifications hereunto attached, and which are made a part of this contract. The party of the second part hereby agrees to pay to the party of the first part for the construction of said dam as aforesaid, according to the specifications hereunto attached, the sum of $2,900, payable in manner and form as follows : Said parties of the second part agree to pay for the material when purchased and loaded on the cars at the mills, when certified to and bills of lading furnished to the party of the second part by the party of the first part, and to pay all freights on said material as the same arrives at the depot in Hartland, charging the party of the first part with the said material so purchased and the freights so paid. When the said party of the first part shall have completed the work according to the specifications

hereunto attached, then the party of the second part shall pay to the party of the first part all the remainder of said sum first mentioned to the party of the first part.    Signed and sealed this day and year last above written.

                    A. A. G. STAYTON.              [ Seal.]
                THE WESTERN IRRIGATING COMPANY,
                    By O. S. Kelley, *President.* W. R. Linn, *Secretary."*

Specifications accompanying the said contract will be omitted, except the statement that " all material in the above-described structure shall be of the best quality, and all the work shall be done in a substantial and workmanlike manner."

The second contract is as follows :

"Articles of agreement made and entered into this 3d day of March, 1890, by and between A. A. G. Stayton, party of the first part, and The Western Irrigating Company, by its agent, J. O. Parker, party of the second part, witnesseth : That the party of the first part, for the consideration hereinafter mentioned, agrees to furnish all material and labor necessary to put in a row of piles from the north end of said company's waste-gates in the Arkansas river, ( as per specifications hereunto attached and which are made a part of this contract,) on or before the 15th day of April, 1890. The party of the second part hereby agrees to pay to the party of the first part for the construction of said work, as per specifications hereunto attached, the sum of $550, payable in the manner and form as follows : Said party of the second part agrees to pay for the material when purchased and delivered at the depot in Hartland, Kas., when certified bills of lading furnished to the party of the second part by the party of the first part, and to pay all freights on said material as the same arrives at the depot in Hartland, charging the party of the first part with the said material so purchased and the freights so paid.    And when the said party of the first part shall complete the work as per specification, then the party of the second part shall pay to the party of the first part the

remainder of contract in full. Signed and sealed this 3d day of March, 1890.    A. A. G. STAYTON.    [Seal.]
                              J. O. PARKER,
                              Agent of Western Irrigating Company."

The specifications attached to said contract and made a part thereof are as follows :

"Specifications for additional work to be done to Western Irrigating Company's dam in the Arkansas river, near Hartland, Kearny county, Kansas, to wit : There shall be a row of piles driven from the north end of the present waste-gates in a straight line and parallel with the present dam and with the south side of island north of waste-gates. Said piles shall be of good, sound white or burr-oak, 12 long and 12 in and 12 diameter at butt end and 6 inches diameter at little end, and driven 10 apart in a straight line north of waste-gates and 10 east of the present dam. They shall be driven until their top end shall be level with the top of the water or sand. They shall all be driven to a level. There shall be placed on top of piles a plate 4 8 20, and securely bolted to top of piles with ¾ round iron and 7 boat spike. The east line of apron (provided in original contract) shall be fastened to said plate with two ⅜x5 long screws in each apron plank ; which work shall be done on or before the 15th day of April, 1890. It is further agreed by the party of the first part that he will drive three 12 piles east of agoing to south end of waste-gates without cost to the party of the second part, and board the dam up 4 feet high, the party of the second part furnishing the boards."

The petition of the plaintiff sets out the said contracts and specifications, alleges full performance on his part, and that there is remaining due and unpaid from the defendant to him the sum of $370.60. The answer of the defendant admits its corporate existence, the execution and validity of the contracts and specifications, denies that it is indebted to the plaintiff in any sum, and denies each and every other alle-

gation in the petition not therein specifically admitted. The seventh paragraph of its answer is as follows : .

"That for its defense to the said cause of action in said petition set forth, it alleges that according to the terms of said contracts, marked exhibits 'A' and ' C ' respectively, and attached to said petition, there is still remaining unpaid a balance of $360.60, which said balance is due and payable, according to the terms of said contracts and specifications, upon the completion, in a substantial and workmanlike manner, of the work in said contracts and specifications set forth ; that the plaintiff has failed to perform said work in such substantial and workmanlike manner, and that the defendant is willing and ready to pay such balance whenever said work is completed according to the terms· of said contracts and specifications."

The eighth paragraph of defendant's answer is as follows :

"That for its second defense and by way of counter-claim to the cause of action in said petition set forth, it alleges and avers that it had performed all the agreements of said contracts, as set forth in said petition by it to be performed, but that by reason of the failure of the plaintiff to complete the work set forth in said contracts and specifications, in the manner and at the times therein agreed, it has been damaged in the sum of $500."

Judgment was rendered for the plaintiff in the court below, and the defendant brings the case here for review. The defendant in error filed his motion to dismiss this proceeding in error, the principal ground being that "the plaintiff in error has not made a case containing a statement of so much of the proceedings and evidence or other matters in this action as may be necessary to present the errors complained of to this court as required by § 547 of the code of civil procedure of the state of Kansas."

*A. J. Hoskinson,* for plaintiff in error.
*Milton Brown,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : The case-made filed with the petition in error in this case contains, on page 210 of the record, the following statement : " The foregoing case-made contains all the pleadings, motions, orders, verdict, instructions given by the court (as well as those refused) and findings and the judgment rendered in the case." On page 9½ of the record is the following statement in the case-made : " . . . the plaintiff, to sustain the issue upon his part, introduced the following testimony, to wit : " and after following the testimony clear through upon both sides, and at the end of the evidence, on page 194 of the record, is the following statement : "This was all the evidence given on the trial of this case." While it is true that some of the exhibits shown by the evidence to have been introduced and read do not appear in the evidence, still the case contains a statement of so much of the proceedings and evidence as is necessary to present at least some of the errors complained of, and those errors will be considered by this court. The briefs of both the plaintiff and defendant in error in this case are so imperfectly prepared that it will be difficult to review each error in the order assigned. Many of them are immaterial and based upon false premises and theories. The attention of the attorneys in this case is called to the language of HORTON, C. J., in *Braley v. Langley,* 28 Kas. 806.

The pleadings in this case raise but one issue. The petition alleges the corporate existence, the execution of the contracts, the due performance on the part of

the plaintiff, a demand for the money, and the failure of the company to pay $370.60 thereof. The answer admits the corporate existence, the execution of the contracts, denies being indebted to the plaintiff in any sum whatever, denies every allegation not specifically admitted, and in the seventh paragraph thereof, as a defense, says that there is remaining unpaid $360.60 which is due and payable upon the completion of the work in a substantial and workmanlike manner; that the plaintiff has failed to perform such work in such manner, and that the defendant is ready to pay the balance when said work is completed according to the terms of said contract and specifications. This clearly puts in issue the completion of the work in a substantial and workmanlike manner. This issue was properly submitted to the jury, and it found generally for the plaintiff, and specially that the work was done by the plaintiff according to the contract and specifications in a workmanlike manner, and that there was due from the defendant to the plaintiff, as the balance of the contract and the interest thereon, the sum of $373.22. This finding is final.

As to the second defense contained in the eighth paragraph of the answer, there is no evidence to sustain this defense. This is admitted by the plaintiff in error in his brief. Hence, no claim for damages that may have been set up in this paragraph because of the failure to complete either of said contracts at the time mentioned therein can be considered in this case.

The plaintiff in error contends that time is of the essence of the first contract; that the petition of plaintiff in the court below alleges full compliance with the contract, and many of his assignments of error are based upon the failure of the petition to

allege a waiver of the time of the completion of the
dam. It is clear that neither of the parties to this
suit considered time of the essence of the contract.
The second contract, which is dated the 3d day of
March, 1890, speaks of and treats the dam as the
property of The Western Irrigating Company, and
stipulates for additional work to be done on said irri-
gating company's dam, and for the driving of an-
other row of piles, and stipulates that the east line of
the apron, provided for in the original contract, should
be fastened to a plate placed upon said piles, which
were provided for in the second contract. The evi-
dence shows that one J. O. Parker was the agent of
The Western Irrigating Company, and was there by
their direction to see that the work was properly done ;
that he was present while Stayton was at work upon
the dam after January 1, 1890, and until the time of
its completion, and that during said time and on
March 3, 1890, he, as its agent, contracted with said
Stayton to do additional work upon said dam ; that
after the completion of the contracts he took charge
of the dam and cut it down. The evidence also shows
that in May, 1890, the company, knowing that the
dam was not completed until about April 15, 1890,
made two payments, one of about $1,200 and one of
$39.40, upon said contracts. It would be manifestly
unjust for the company knowingly to allow Stayton
to proceed with the work of building the dam after
January 1, 1890 ; to contract with him on March 3,
1890, to do additional work, and part of it clearly a
change of the first contract ; to take possession of the
dam and make changes in it, and then say to Stay-
ton, " We will not pay you because you did not com-
plete the work on or before January 1, 1890." The
evidence during the trial of the case nowhere shows

that any question was raised as to the failure to complete the work by January 1, 1890. Mr. Kelley, the president, Mr. Rogers, the treasurer, and Mr. Parker, the agent, frequently, after January 1, 1890, objected to the manner in which the the work was being done but not to the time in which the work was being completed. This question is first raised by the plaintiff in error in its brief in this court after the jury had found against it upon the issue presented, i. e., the manner of doing the work. Without deciding whether time was of the essence of the first contract or not, we hold that, in view of the allegations in the pleadings and the facts shown by the evidence which have been specified in this opinion, the plaintiff in error waived the time in which the contract was to have been completed, and was estopped from attempting to evade liability because the work was not completed on January 1, 1890. The second contract which is set out in the petition and admitted in the answer, and the issue tendered by the seventh paragraph of the answer, clearly lay the foundation for the introduction of evidence tending to show that the work was completed in a workmanlike manner, and the plaintiff below would be entitled to recover by proving that said work was so completed, although it was not done until from April 15 to May 1, 1890.

We have carefully examined the evidence and the instructions and find that, in accordance with the views herein expressed, there was no material error committed by the court during the introduction of evidence or in the instructions given or refused.

The judgment of the district court will be affirmed.

All the Judges concurring.